### STATE ex JETER, Plaintiff-Appellee, v. HARRIS, Defendant-Appellant.

Ohio Appeals, Seventh District, Jefferson County.

No. 1067. Decided December 2, 1953.

Nathan Stern, Steubenville, for plaintiff-appellee.

William C. Brown, Jesse K. George, Steubenville, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Defendant appealed to this court on questions of law from a judgment of the court of common pleas entered upon a jury verdict finding him guilty of being the putative father of a child born out of wedlock to complainant, aged fifteen years at the time of conception.

Defendant contends by assignments of error, oral argument and brief that "the verdict is not sustained by sufficient evidence" and "is contrary to law"; and that the trial judge erred to his prejudice and abused his discretion in refusing to grant him a new trial on the ground of newly discovered evidence "which with reasonable diligence he could not have disclosed and produced at the time of trial."

On December 31, 1950, defendant admitted to complainant's mother in complainant's presence that he had intercourse with her on December 23, 1950; and there is conflicting evidence that conception could have taken place on that date.

The newly discovered evidence as shown by defendant's affidavit would only corroborate testimony offered at trial and had no bearing on whether or not defendant was the father of complainant's child born out of wedlock, and could have been obtained at the trial if due diligence had been exercised.

Clearly the trial judge did not abuse his discretion in refusing to grant defendant a new trial on the ground of newly discovered evidence, and in our opinion there is ample evidence to support the judgment of the trial court entered upon the verdict of the jury.

Finding no error prejudicial to defendant in any of the respects urged nor any abuse of discretion on the part of the trial court the judgment of the court of common pleas must be and hereby is affirmed.

GRIFFITH, PJ, concurs.

NICHOLS, J, dissents on the ground that the verdict is against the manifest weight of the evidence.